12-2167-cr
United States v. Kamara

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

        At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of June, two thousand thirteen.

Present:
            PETER W. HALL,
            GERARD E. LYNCH,
                    *Circuit Judges,*
            PAUL A. ENGELMAYER,[*]
                    *District Judge.*

_____

UNITED STATES OF AMERICA,

            *Appellee*,

v.                                                                  No. 12-2167-cr

GILBRILLA KAMARA,

            *Defendant-Appellant*.

_____

FOR APPELLANT:            JEREMY GUTMAN, New York, NY.

---

[*] The Honorable Paul A. Engelmayer of the United States District Court for the Southern District of New York, sitting by designation.

1

FOR APPELLEE:          JENNA M. DABBS (Anna M. Skotko, *on the brief*), Assistant United
                        States Attorneys, *for* Preet Bharara, United States Attorney for the
                        Southern District of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Pauley, *J*.).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court is AFFIRMED.

Defendant-Appellant Gilbrilla Kamara was convicted after pleading guilty to one count of conspiracy to import five kilograms or more of cocaine into the United States in violation of 21 U.S.C. § 963 and was sentenced principally to a term of 240 months' imprisonment. Kamara appeals that sentence, arguing that the district court failed to inquire adequately into his expressed dissatisfaction with his attorney, in violation of his right to counsel under the Sixth Amendment. We assume the parties' familiarity with the facts and procedural history of the case, referencing them only as necessary to explain our decision.

Two days before Kamara's sentencing hearing, the district court received a three-paragraph handwritten letter from Kamara expressing his dissatisfaction with his retained counsel and his desire that the court appoint substitute counsel. At the beginning of the sentencing hearing, the district court questioned Kamara about the letter and his desire to have substitute counsel appointed. Both at the start and at the end of the court's colloquy with him, Kamara stated that he wanted to withdraw his request for substitute counsel and proceed with sentencing represented by his retained counsel. The court accepted Kamara's stated position and went forward with the sentencing.

Initially, we note that an "intentional relinquishment or abandonment of a known right" is not appealable. *United States v. Olano*, 507 U.S. 725, 733-34 (1993). Thus, to the extent that

2

Kamara's withdrawal of his request for substitute counsel constituted an intentional relinquishment of his right to request substitute counsel, Kamara may not appeal this tactical decision.

Kamara nevertheless argues that the district court's inquiry into his satisfaction with counsel was inadequate, because, during the court's colloquy with Kamara, Kamara made statements suggesting that he believed that he had no option other than to proceed with sentencing represented by his retained counsel, and the court did not explicitly disabuse Kamara of that assumption. We disagree. After Kamara explicitly indicated his desire to withdraw his request, the district court made a further inquiry to assure that any issues between Kamara and his counsel had indeed been resolved. It was only at this point that Kamara's responses indicated a somewhat fatalistic view of his predicament: Asked if he was "satisfied with [his counsel]," Kamara stated, "We are here. We cannot change. We just have to continue." Tr., Oct. 3, 2011, at Def. App'x 88. But Kamara also reiterated that he desired to withdraw his request for new counsel. And his appreciation that he had a right to request a change of counsel was revealed both by his earlier request to change counsel and by the fact of the district court's extended colloquy with him on this point. We therefore find no legal inadequacy in that colloquy.

In making this determination, we find it instructive to note that if Kamara had not withdrawn his request, the district court would have been well within its discretion to deny the request on its merits. We review a denial of an application for new counsel for abuse of discretion. *United States v. Carreto*, 583 F.3d 152, 158 (2d Cir. 2009). To determine whether the district court abused its discretion, we consider four factors: "(1) the timeliness of defendant's request for new counsel; (2) the adequacy of the trial court's inquiry into the matter; (3) whether the conflict resulted in a total lack of communication between the defendant and his

3

attorney; and (4) whether the defendant's own conduct contributed to the communication breakdown." *Id.* The second factor—the adequacy of the district court's inquiry into the matter—is particularly relevant here. Analysis of that and other factors confirms that Kamara has not established any error requiring that the judgment be vacated.

When "a defendant voices a seemingly substantial complaint about counsel, the court should inquire into the reasons for dissatisfaction." *United States v. Simeonov*, 252 F.3d 238, 241 (2d Cir. 2001) (internal quotation marks omitted). If the reasons underlying the defendant's grievance are made known to the court, the court may rule on the defendant's request for new counsel without further inquiry. *Id.*; *see also United States v. Bliss*, 430 F.3d 640, 651-52 (2d Cir. 2005) (holding that the district court did not abuse its discretion by ruling without further inquiry where the court had been apprised of the reasons for the defendant's request for new counsel). Insufficient inquiry by the court, or failure to inquire at all, is harmless error, however, "if the reasons proffered are insubstantial and the defendant receives competent representation from counsel." *United States v. John Doe No. 1*, 272 F.3d 116, 123 (2d Cir. 2001).

In his letter to the district court, Kamara set forth the reasons for requesting substitute counsel—namely, his inability to continue to pay for counsel, the lack of interaction between him and his counsel, and his opinion that "she has [not] represented me well at all." Gov't Add. 2. At the sentencing hearing the district court, nonetheless, asked Kamara's counsel whether the "matter [had] been addressed." After counsel reported that the matter had indeed been resolved, the court asked Kamara directly whether he was "withdrawing [his] request to end [his] relationship with [counsel]." Kamara responded that the matter had been resolved and that he wished to proceed with his present attorney.

4

Kamara argues on appeal that his responses to the district court's ensuing queries to him suggested that he believed he had no choice but to go forward with sentencing represented by his retained counsel. Our review of the record leads us to conclude otherwise. It is clear that the district court's questioning was "not merely a perfunctory, superficial inquiry . . . but instead was an inquiry detailed enough for the court to determine that substitution was unwarranted." *Id.* at 124. That Kamara's responses as he awaited sentencing indicated a resignation to his circumstances does not necessarily indicate dissatisfaction with his counsel. It is not uncommon for a defendant, on the verge of trial or sentencing, to express displeasure with counsel based as much on displeasure with his predicament as with his counsel's performance. Faced with a request for new counsel that was made shortly before sentencing and based on a seemingly insubstantial complaint, the district court conducted a sufficient inquiry to determine that any issues between Kamara and his counsel had been resolved and that Kamara truly wished to withdraw the request and proceed.

Similarly, the record does not demonstrate a "total lack of communication preventing an adequate defense." *Id.* (quoting *Simeonov*, 252 F.3d at 241). Kamara's counsel represented Kamara from shortly after his arrest up to and including the filing of this appeal. And counsel had submitted a substantial sentencing memorandum on Kamara's behalf, which contained 40 letters from his friends and family, including many from West Africa, and which the district court later complimented in the course of imposing a below-Guidelines sentence. In addition to noting explicitly his satisfaction with counsel at the time he entered his guilty plea, Kamara did not express any dissatisfaction with counsel's services at the sentencing hearing; in fact, he indicated unequivocally that he was withdrawing his request for substitute counsel and desired to continue with his retained counsel. Responding to the district court's questioning whether

5

Kamara was "withdrawing [his] request to end [his] relationship with [counsel]," Kamara answered, "Yes, you can take away the papers admitted and continue." Tr., Oct. 3, 2011, at Def. App'x 89. The district court noted further that Kamara's attorney had "ably and eloquently represented" Kamara.

The record indicates that the district court was made aware of Kamara's reasons for dissatisfaction with counsel through Kamara's letter. Notwithstanding this fact, the court inquired into Kamara's reasons at the sentencing hearing only to be told repeatedly and unequivocally that Kamara wished to proceed with his retained counsel. The district court, therefore, did not exceed the bounds of its discretion in allowing Kamara to withdraw his request for new counsel. The judgment of the district court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

6